```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| JIMMIE TRUSS, | |
|     Petitioner, | |
| vs. | No. 06-2011-B/V |
| BRUCE PEARSON, | |
|     Respondent. | |

```
       ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                               AND
                  NOTICE OF APPELLATE FILING FEE
```

Petitioner Jimmie Truss, Bureau of Prisons inmate registration number 16609-039, an inmate at the Federal Correctional Institution ("FCI-Memphis") in Memphis, filed a <u>pro se</u> petition pursuant to 28 U.S.C. § 2241 on January 10, 2006 and paid the filing fee.

A jury convicted Truss of conspiracy to possess cocaine with intent to distribute and related crimes in the Eastern District of Michigan. The district court sentenced Petitioner to 232 months imprisonment, from which Truss appealed. The Sixth Circuit Court of Appeals affirmed his convictions and sentence. <u>United States v. Truss</u>, No. 96-1974, 1998 WL 279379 (6th Cir. May 21, 1998).

Truss filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in the United States District Court for the Eastern District of Michigan on February 17, 1999, raising various issues of ineffective assistance, including counsel's failure to object to

the computation of the drug quantity.  United States District Judge Robert H. Cleland denied the motion to vacate and the Sixth Circuit denied a certificate of appealability.  <u>United States v. Truss</u>, No. 00-2000 (6th Cir. Mar. 28, 2001).

The inmate then filed a second motion to vacate on April 30, 2002, alleging that his indictment was defective because it did not specify a drug quantity and that he was deprived of having the jury determine the drug quantity.  Judge Cleland construed the motion as an application for permission to file a successive motion and transferred it to the Sixth Circuit.  Truss failed to file a corrected second successive motion and the Sixth Circuit dismissed the action for want of prosecution.  <u>Truss v. United States</u>, No. 02-1684 (6th Cir. July 9, 2002).

On October 22, 2002, Truss filed his first habeas petition under 28 U.S.C. § 2241 in this district.  On September 23, 2003, United States Judge Jon Phipps McCalla denied the petition which attempted to seek retroactive application of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Truss appealed and the Sixth Circuit affirmed the district court's dismissal.  <u>Truss v. Davis</u>, 03-6453, 115 Fed. Appx. 772 (6th Cir. Sept. 20, 2004).

In this habeas petition, Petitioner contends that his judgment is void because the trial judge was without jurisdiction to sentence him based upon the decision rendered by the United Supreme Court in <u>United States v. Booker</u>, 530 U.S. 466 (2000).  Truss

seeks to raise claims cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the time conviction is final. This statute strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction.  These reforms were intended to further protect the finality attached to federal criminal judgments and to reduce the workloads of the federal courts.

Because he has previously filed an unsuccessful § 2255 motion and his Booker argument was unavailable at that time, the petitioner seeks to characterize his arguments as a habeas petition under 2241. The only reason for this designation, however, is the need to avoid the successive petition limitation enacted by the AEDPA. This case seeks to attack the validity of petitioner's original sentence and is in reality a motion under § 2255. A series of unpublished opinions have relied on Gray-Bey v. United States, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[1]

---

[1] See, e.g., In Re Walker, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77. Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). It is clear from Wright and Jalili, however, that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence. Truss' petition does not challenge the execution of his sentence, but attacks its imposition.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). See also United States v. Cerna, 1994 U.S. App.

4

LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[2] <u>United States v. Auman</u>, 8 F.3d 1268, 1271 (8th Cir. 1993); <u>Wood v. United States</u>, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[3] <u>Owens v. Benson</u>, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). <u>Cf.</u> <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1124 (6th Cir. 1998)(adopting <u>per se</u> rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in an even more narrow category of cases.

---

[2] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" <u>Norton v. Parke</u>, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[3] See <u>supra</u> note 2.

5

The movant has the burden of demonstrating that the savings clause applies. <u>Charles</u>, 180 F.3d at 756. The § 2255 remedy is not inadequate or ineffective, for example, merely because the successive motion limits apply to bar consideration of a claim or the motion is barred by the statute of limitations. <u>Charles</u>, 180 F.3d at 756-58. Rather, if the claim is of a type that was cognizable under § 2255, the remedy is not inadequate or ineffective, regardless of whether the movant can obtain a substantive review on the merits in the present motion. As suggested by <u>Gray-Bey</u>, 209 F.3d at 990, in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, "§ 2255 ¶ 8 means . . . that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a whole is 'inadequate or ineffective to test the legality of . . . detention.'"

Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner will at some point have the <u>opportunity</u> for such review. <u>See, e.g.</u>, <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). According to <u>Wofford</u>, the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence

6

vacated.' That does not mean that he took the shot . . . the Constitution requires [only] that the procedural opportunity existed." Id. (quoting In Re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Wofford held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Truss attacks his sentence alleging that he is entitled to relief under Booker. Although Truss can make a prima facie showing that Booker was not available to him during the applicable one-year limitations period for a motion to vacate and presents a new constitutional rule of criminal procedure, he cannot demonstrate that Booker has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

In Booker, although the Supreme Court determined that its holding in Blakely applies to the United States Sentencing Guidelines, Booker, 543 U.S. 242-244, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479

U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), that the rule of Booker does not fall within the either exception of Teague.  Id. at 863.

> First, the nonretroactivity rule "does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" Beard v. Banks, 542 U.S. 406, 416 (2004)(quoting Penry v. Lynaugh, 492 U.S. 302, 330 (1989)).  Because this exception is clearly inapplicable, we proceed directly to our analysis of Teague's second exception.  Beard succinctly explained the second Teague exception:
>
>> The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.  We have repeatedly emphasized the limited scope of the second Teague exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second Teague exception.
>
> Beard, 492 U.S. at 417.

Humphress, 398 F.3d at 862.  Noting that the United States Supreme Court had never held that a new rule of criminal procedure falls

8

within Teague's second exception, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 863.

Truss makes no tenable claim of actual innocence. Actual innocence requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998); Hilliard v. United States, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Murray v. Carrier, 477 U.S. 478, 496 (1986). Accordingly, Truss is not entitled to relief under § 2241 on his claim.

Because Truss is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DENIED and DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d

9

164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4] Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515

---

[4] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

10

(6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good

11

faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 29th day of June, 2006.

                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE